**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AHSAN MOHIUDDIN, ) | No. CV 10-4893-JHN(CW) |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT |
| ) | WITH LEAVE TO AMEND |
| v. ) | |
| ) | |
| THE STATE OF CALIFORNIA, et al., ) | |
| ) | |
| Defendants. ) | |

As stated below, the complaint is dismissed with leave to amend.

**PROCEEDINGS**

This action was opened and the complaint was filed on July 1, 2010, when the pro se plaintiff paid the filing fee. [Docket no. 1.] Three motions to dismiss have been filed by various Defendants. [See docket no. 12, filed August 10, 2010; docket no. 16, filed August 12, 2010; and docket no. 25, filed September 16, 2010.] The motions have been fully briefed, and have been taken under submission without oral argument. Defendants have moved to dismiss the complaint under Fed. R. Civ. P. Rules 12(b)(1)(for lack of jurisdiction) and 12(b)(6)(for failure to state a claim).

**LEGAL STANDARD**

A complaint filed in this court must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A challenge to the court's subject-matter jurisdiction can be raised at any time, including sua sponte by the court. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988). A complaint may be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n.6, 109 S. Ct. 1827 104 L. Ed. 2d 338 (1989)(unanimous decision). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." Id. "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare System, 534 F.3d 1116, 1121 (9th Cir. 2008)(quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984)(citing 2A Moore's Federal Practice ¶ 12.08).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled

to relief." The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)("Iqbal"), Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)(per curiam), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Twombly"); see also Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).

The pleading standard of Rule 8 does not require "detailed factual allegations." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555); see also Erickson, 551 U.S. at 93; Moss,, 572 F.3d at 968. However, a complaint does not meet the pleading standard if it contains merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Instead, to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

The Supreme Court has set out a two-pronged approach for reviewing possible failure to state a claim. <u>Iqbal</u>, 129 S. Ct. at 1949-50; <u>see also</u> <u>Moss</u>, 572 F.3d at 969-70. First, the reviewing court may identify those statements in a complaint that are actually conclusions, even if presented as factual allegations. <u>Iqbal</u>, 129 S. Ct. at 1949-50. Such conclusory statements (unlike proper factual allegations) are not entitled to a presumption of truth. <u>Id.</u> In this context it is the conclusory nature of the statements (rather than any fanciful or nonsensical nature) "that disentitles them to the presumption of truth." <u>Id.</u> at 1951. Second, the reviewing court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these factual allegations and reasonable inferences from them plausibly support a claim for relief. <u>Id.</u> at 1950; <u>see also</u> <u>Moss</u>, 572 F.3d at 969-70.

If the court finds that a complaint should be dismissed, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000)(en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is <u>pro</u> <u>se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss</u>, 572 F.3d at 972.

**PLAINTIFF'S CLAIMS**

In his Complaint, Plaintiff alleges that he was declared a "vexatious litigant" under Cal. Code of Civ. Proc. sections 391-391.7 in a ruling in a civil proceeding in California Superior Court, in

1  which judgment has now, apparently, been entered against him.  In the
2  present federal civil rights action under 42 U.S.C. § 1983, he seeks
3  injunctive relief and a declaratory judgment holding the California
4  vexatious litigant statute unconstitutional.  He names as Defendants
5  the State of California, (former) Governor Arnold Schwarzenegger in
6  official and individual capacities, the Superior Courts of California
7  (in general), the Superior Court of California for Los Angeles County,
8  and Superior Court Judge Judith Vander Lans in official and individual
9  capacities.  He also names (as "Real Parties in Interest") Felahy and
10 Associates and Oscar Ramirez, defendants in the state action.

## **LACK OF JURISDICTION**

12       Insofar as Plaintiff is, directly or implicitly, asking this
13 court to independently review the superior court order to determine
14 its validity, such review would be barred under the Rooker-Feldman
15 doctrine.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S.
16 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); District of
17 Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct.
18 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S.
19 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).  This doctrine
20 provides that, as courts of original jurisdiction, federal district
21 courts have no authority to review final determinations by state
22 courts.  Manufactured Home Communities, Inc. V. City of San Jose, 420
23 F.3d 1022, 1029 (9th Cir. 2005).  In Exxon Mobil, the Supreme Court
24 clarified that the Rooker-Feldman doctrine bars federal jurisdiction
25 when a losing party in state court has filed a suit in federal court
26 after state proceedings have ended, complains of an injury caused by
27 the state-court judgment, and seeks review and rejection of the state
28

court judgment.  544 U.S. at 291-92.[1]

## ADDITIONAL GROUNDS FOR DISMISSAL

The Complaint is also subject to dismissal on additional grounds. For example, to the extent that Plaintiff names Felahy and Associates and Oscar Ramirez as defendants, he fails to state a § 1983 claim against these private parties.  To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must plead that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the federal constitution or laws.  See, e.g., Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir. 1996).  Generally, private parties are not acting under color of state law.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  Plaintiff has not shown how these Defendants were acting under color of state law in this case.

Furthermore, Plaintiff's claims for prospective relief against Governor Schwarzenegger in his individual capacity would appear to be moot in light of the conclusion of his term as governor.  Plaintiff's claims for declaratory and injunctive relief against the State of California, its courts, and state officials named in an official capacity, appear to be barred under the Eleventh Amendment, and not subject to the exception in Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268 et seq., 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997).

---

[1] If Plaintiff is, somehow, asking this court to declare the California vexatious litigant statute unconstitutional, on its face, without reviewing the superior court action invoking it against Plaintiff, he would appear to lack standing to bring such a claim without asserting an actual injury to himself.  To show standing a plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984).

Plaintiff's claims against Judge Vander Lans in her individual capacity appear to be barred under the doctrine of judicial immunity, under which judges are absolutely immune from suit for acts performed in their judicial capacities. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n.10, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993); Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)(per curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)(en banc). Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996)(superceded by statute on other grounds, see, e.g., Cox v. Todd, No. CV-10-69, 2010 WL 3326846, *3 (D. Mont. 2010)).[2]

Finally, California's vexatious litigant statute has been declared constitutional in federal court. See, e.g., Wolfe v. George, 486 F.3d 1120, 1123 et seq. (9th Cir. 2007)(even if plaintiff challenging California vexatious litigant statute not barred under Rooker-Feldman doctrine, statute is constitutional).

**LEAVE TO AMEND**

Although it is highly unlikely that Plaintiff can successfully amend his complaint, in light of the liberal standard on amendment by pro se litigants, he is given leave to attempt to do so, if, in an amended complaint, he can overcome the problems discussed above, with respect to any of his named defendants.

---

[2] If Plaintiff was dissatisfied with Judge Vander Lans's ruling, his remedy was by appeal in the state court system, and not by filing a new action in federal district court.

7

**ORDERS:**

It is therefore **ORDERED** as follows:

1. The following motions to dismiss are granted: docket no. 12, filed August 10, 2010; docket no. 16, filed August 12, 2010; and docket no. 25, filed September 16, 2010.

2. The Complaint (docket no. 1, filed July 1, 2010) is dismissed with leave to amend.

3. Within thirty (30) days of the filing date of this Memorandum and Order, Plaintiff may file a "First Amended Complaint" which corrects the defects discussed above and complies with the following requirements:

(a) The "First Amended Complaint" must bear the present case number "CV 10-4893-JHN(CW)."

(b) It must be complete in itself and may not incorporate by reference any part of any prior complaint.

(c) Plaintiff may not use "et al." in the caption, but must name each Defendant against whom claims are stated in the First Amended Complaint. (The clerk uses the caption to make sure that Defendants are correctly listed on the docket.)

(d) Plaintiff may not add new parties without the court's permission.

4. If Plaintiff files an amended complaint, the court will review the amended complaint to determine whether it corrects the jurisdictional and other defects discussed above. The court will then issue further orders as appropriate. Defendants need not respond to an amended complaint unless and until the court orders a response.

5. If Plaintiff does not file an amended complaint, the magistrate judge will recommend that this action be dismissed, without prejudice, for failure to prosecute and/or failure to comply with

court orders, as well as for the reasons stated above.

6. The clerk shall serve this Memorandum and Order on Plaintiff and all Counsel.

DATED: March 31, 2011

*Carla M. Woehrle*
_____
CARLA M. WOEHRLE
United States Magistrate Judge

9